[Cite as *Turner v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-6671.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CARL E. TURNER

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION & CORRECTION

    Defendant

    Case No. 2010-06788-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} Plaintiff, Carl E. Turner, an inmate under the custody and control of defendant, Department of Rehabilitation and Correction (DRC), filed this action alleging he suffered property loss on two separate occasions as a proximate cause of negligence on the part of DRC employees in failing to protect his property. On or about November 4, 2008, plaintiff was transferred from defendant's London Correctional Institution (LoCI) to defendant's Lebanon Correctional Institution (LeCI). Incident to this transfer, plaintiff's personal property was inventoried, packed, and delivered into the custody of LoCI staff. Plaintiff asserted that prior to the time he was transferred, two rings he owned were delivered to LoCI employee Officer Gordon who, according to plaintiff, then placed the rings in two separate envelopes, stapling the envelopes together. Plaintiff contended his two rings were never transferred from LoCI to LeCI and remain missing. Plaintiff noted his second property loss claim occurred on August 22, 2009 at LeCI. Plaintiff explained he was involved in a fight on that date, was placed in isolation, and then escorted back to his cell to pack his property. In his complaint,

plaintiff initially related, "[w]hen I was brought back to my cell to do my pack up, the following items were missing: Trimmers, A.C. adaptor, cooking pot, ear plugs, fan and C.D. player." Plaintiff maintained defendant should be held responsible for the loss of the above mentioned items. Plaintiff requested damages in the amount of $2,500.00, the value of all claimed missing property listed in the complaint. Payment of the filing fee was waived.

{¶ 2} Defendant denied liability in the matter pertaining to the alleged loss of plaintiff's rings by LoCI personnel. Defendant asserted it was unable to address the issue of the loss of the rings due to the fact plaintiff failed to provide any information to investigate this claim.

{¶ 3} Additionally, defendant denied any liability regarding the claimed loss of trimmers, an adapter, cooking pot, ear plugs, fan, and a CD player. Defendant explained these property items were confiscated as contraband due to the fact plaintiff left the items in his cell with his cellmate in order to avoid being in violation of DRC property volume restriction limits of 2.4 cubic feet. Defendant pointed out plaintiff violated DRC policy by leaving any property with his cellmate. Defendant acknowledged the confiscated items were subsequently destroyed as contraband after plaintiff was issued a contraband slip and refused to exercise any option regarding disposition of the confiscated property; either authorizing the mailing of the items to an outside address or donating the items or authorization destruction of the property. Defendant argued proper policy and procedure were followed when the confiscated contraband was destroyed.

{¶ 4} Plaintiff filed a response addressing both of his property loss claims. In connection with the loss of his rings, plaintiff submitted a copy of an "Inmate Property Record-Disposition and Receipt" (DRC form 2055 or inventory) dated November 5, 2008 compiled incident to his transfer from LoCI to LeCI. Listed on this inventory copy beside the caption "Ring/Wedding" under the amount section is the number "2." The listed limit beside the designation "Ring/Wedding" is the number "1." Plaintiff submitted a copy of a title for a wedding ring dated July 8, 2008 along with a photograph of a plain gold wedding band. Plaintiff submitted copies of multiple grievances he filed complaining about the loss of two rings in connection with his transfer from LoCI to LeCI. Plaintiff described the rings as follows: a one carat diamond wedding ring valued

at $3,500.00 and a second ring valued at $500.00. LeCI staff responded to plaintiff's grievances by finding that no rings were contained among his property items transferred from LoCI to LeCI. In one grievance, the LeCI Inspector wrote, "[i]t should be noted that London was contacted about this matter and it was discovered that your wedding rings were not on your original DR&C 2055 (inventory) when you were placed in segregation on 9/18/2008." According to information contained in a submitted grievance decision, LoCI staff did not recall packing rings owned by plaintiff when he was transferred from LoCI to LeCI on November 5, 2008.

**{¶ 5}** Concerning his second property loss claim, plaintiff denied he "entrusted his property to the custody of his (cellmate)." Plaintiff contested defendant's assertion that the property confiscated by LeCI staff constituted contraband. Plaintiff again requested reimbursement for the stated value of all items claimed.

CONCLUSIONS OF LAW

**{¶ 6}** 1) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 7}** 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 8}** 3) Although not strictly responsible for a prisoner's property defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 9}** 4) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 10}** 5) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by

defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 11} 6) Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 12} 7) The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particularly persuasive in regard to the fact he rightfully owned two rings and he delivered two rings into the custody of defendant incident to his transfer from LoCI to LeCI despite the listings on plaintiff's submitted copy of DRC form 2055. Plaintiff failed to offer conclusive proof he ever possessed more than one ring at any time and has not provided evidence to support the contention he was permitted to possess more than one ring. The trier of fact finds defendant's assertions persuasive in respect to the contention plaintiff left property items with his cellmate.

{¶ 13} 8) Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish defendant actually assumed control over property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068. Plaintiff failed to prove defendant actually exercised control over two rings.

{¶ 14} 9) Plaintiff's failure to prove delivery of the above listed property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶ 15} 10) It has been previously held an inmate plaintiff may recover the value of confiscated contraband property destroyed by agents of defendant when those agents acted without authority or right to carry out the property destruction. *Berg v. Belmont Correctional Institution* (1998), 97-09261-AD; *Wooden v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2004-01958-AD, 2004-Ohio-4820; *Hemsley v. N. Cent. Correctional Inst.*, Ct. of Cl. No. 2005-03946-AD, 2005-Ohio-4613; *Mayfield v. Richland*

*Correctional Inst.*, Ct. of Cl. No. 2005-07979-AD, 2006-Ohio-358.

{¶ **16**} 11)   Plaintiff has no right to pursue a claim for destroyed property in which he cannot prove any right of ownership. *DeLong v. Department of Rehabilitation and Correction* (1988), 88-06000-AD.   Defendant cannot be held liable for contraband property that plaintiff has no right to possess.   *Beaverson v. Department of Rehabilitation and Correction* (1988), 87-02540-AD; *Radford v. Department of Rehabilitation and Correction* (1985), 84-09071.   The acts of plaintiff in voluntarily relinquishing possession of property to another inmate constitutes evidence that ownership rights were relinquished. *Johnson v. Ohio Reformatory for Women*, Ct. of Cl. No. 2004-01087, 2004-Ohio-4818.

{¶ **17**} 12)   An inmate is barred from pursuing a claim for the loss of property when such property is declared impermissible pursuant to departmental policy. *Zerla v. Dept. of Rehab. and Corr.* (2001), 2000-09849-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CARL E. TURNER

Plaintiff

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

Defendant

Case No. 2010-06788-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth

in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Carl E. Turner, #467-332
P.O. Box 209
Orient, Ohio  43146

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

RDK/laa
10/21
Filed 11/15/10
Sent to S.C. reporter 2/18/11